Electronically Filed - St Louis County - July 20, 2022 - 05:47 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **DANIEL G. MANN** <br> 1847 Boulder Springs Drive, Apt. A <br> St. Louis, MO 63146 <br><br> **Plaintiff(s),** <br><br> vs. <br><br> **QUIKTRIP CORPORATION D/B/A/ QUIKTRIP #644** <br> Serve: Registered Agent Marshall J. Wells <br> 4705 S. 129th E. Ave <br> Tulsa, OK 74134-7008 <br><br> **Defendant(s).** | ) <br> ) <br> ) **Case Number:** <br> ) <br> ) **Division Number:** <br> ) <br> ) <br> ) **PLAINTIFF REQUESTS** <br> ) **TRIAL BY JURY** <br> ) <br> ) <br> ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Daniel G. Mann, by and through his counsel, Anthony G. Laramore of Mutrux Firm, LLC, and for his cause of action against Defendant QuikTrip Corporation d/b/a Quiktrip #644 (hereinafter referred to as "Defendant Quiktrip"), hereby states to the Court as follows:

1.  At all times mentioned herein, Plaintiff Daniel G. Mann was and is a resident and citizen of the State of Missouri.

2.  Venue lies in this jurisdiction as the cause of action accrued in St. Louis County, Missouri.

3.  On or about February 17, 2021, Defendant QuikTrip operated a fuel and food establishment called QuikTrip #644, located at 12200 Dorsett Road, Maryland Heights, State of Missouri.

4.  That on or about February 17, 2021, Plaintiff Daniel G. Mann was on the premises owned and operated by Defendant QuikTrip.

5.  That at the date and time in question, Plaintiff Daniel G. Mann was invited by Defendant

Electronically Filed - St Louis County - July 20, 2022 - 05:47 PM

QuikTrip to be on the premises at 12200 Dorsett Road, Maryland Heights, State of Missouri.

6. That at the date and time in question, there was a foreign substance, specifically ice and snow, on the pavement leading into Defendant QuikTrip's building.

7. That neither Defendant QuikTrip nor its agents or employees, placed any signs near the ice and snow-covered area of the sidewalk warning of the slick, icy nature of the sidewalk.

8. That neither Defendant QuikTrip nor its agents or employees enclosed or otherwise barricaded the area to prevent invitees from walking on the ice-covered pathway.

9. That at the date and time in question, Plaintiff Daniel G. Mann was walking on Defendant QuikTrip's premises.

10. That at the date and time in question, as Plaintiff Daniel G. Mann was walking on Defendant QuikTrip's premises, Plaintiff Daniel G. Mann stepped on a patch of ice that was on the pavement.

11. That at the date and time in question, Defendant QuikTrip's premises were not reasonably safe.

12. That at the date and time in question, Defendant QuikTrip's knew or, by using ordinary care, could have known of this condition.

13. That at the date and time in question, Defendant QuikTrip failed to use ordinary care to ensure that there was not ice on the sidewalk attached to its premises.

14. That at the date and time in question, Defendant QuikTrip failed to use ordinary care to mitigate or remove the unsafe condition from its premises.

15. That as the direct result of Defendant QuikTrip's failure stated in Paragraphs 6-14, Plaintiff Daniel G. Mann fell on Defendant QuikTrip's premises.

Electronically Filed - St Louis County - July 20, 2022 - 05:47 PM

16. That Plaintiff Daniel G. Mann did not have the chance to avoid the fall due to its sudden and unforeseeable nature.

17. That the incidents described in paragraphs 6-16 occurred with no negligence on the part of Plaintiff Daniel G. Mann.

18. That the injuries and damages alleged by Plaintiff Daniel G. Mann were directly and proximately caused by Defendant QuikTrip in one or more of the following respects, to wit:

    a. Defendant QuikTrip failed to exercise ordinary care in keeping its premises reasonably safe.

    b. Defendant QuikTrip knew or, by using ordinary care, could have known of the unsafe condition of its premises.

    c. Defendant QuikTrip knew or, by using ordinary care, could have warned Plaintiff Daniel G Mann of the unsafe condition of its premises, and failed to do so.

    d. Defendant QuikTrip knew or, by using ordinary care, could have taken corrective action to remove or barricade the unsafe condition of its premises and failed to do so.

19. That each and all of the aforesaid acts of Defendant QuikTrip, both by commission and omission, were negligent and constituted negligence.

20. That each and all of the aforesaid acts of Defendant QuikTrip, both by commission and omission, were a direct and proximate cause of the damages and injuries hereinafter described.

21. That as a direct and proximate result of the aforesaid acts by Defendant QuikTrip, both by omission and commission, Plaintiff Daniel G. Mann suffered serious, painful, and permanent injuries to his head, neck, back, left arm, and torso.

22. That as a direct and proximate result of the aforesaid acts by Defendant QuikTrip, both by commission and commission, Plaintiff Daniel G. Mann became sick, sore, lame, and disordered.

23. That as a direct and proximate result of the aforesaid acts by Defendant QuikTrip, both by commission and commission, Plaintiff Daniel G. Mann has suffered, and he will hereafter suffer, physical pain and mental anguish.

24. That as a direct and proximate result of these injuries, Plaintiff Daniel G. Mann has been obliged to seek medical treatment and incur expenses for said treatment.

25. That as a direct and proximate result of these injuries, Plaintiff Daniel G. Mann will in the future be obliged to seek additional medical treatment and incur expenses for said treatment.

26. Plaintiff Daniel G. Mann's aforesaid injuries are permanent, serious, and progressive in their nature.

27. Plaintiff Daniel G. Mann will continue to suffer pain of body and mind for so long as he lives.

28. That as a direct and proximate result of these injuries, Plaintiff Daniel G. Mann has suffered lost wages.

**WHEREFORE**, Plaintiff Daniel G. Mann prays for judgment against the Defendant QuikTrip Corporation d/b/a QuikTrip #644 in such sum over $25,000.00, as will reasonably and fairly compensate Plaintiff Daniel G. Mann for loss and damage, together with costs herein expended, and such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Respectfully submitted,

*/s/ Anthony G. Laramore*
Anthony Laramore, #63017
Traci E. Hoover, #72503
Mutrux Firm, LLC
Attorney for Plaintiff
P.O. Box 66738
PMB 38300
St. Louis, MO 63126
p: 314-270-2273
f: 314-884-4333
RedTeam@mfinjury.com