UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL G. MANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-01060-JAR |
| | ) |
| QUIKTRIP CORPORATION d/b/a | ) |
| QUIKTRIP #644, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Quiktrip Corporation's Motion to Exclude Expert Report, Testimony, and Opinions of Christopher E. Janson.  ECF No. 32.  The motion is fully briefed and ready for disposition.  For the reasons set forth below, the Court will grant Quiktrip's Motion.

**Background**

On July 20, 2022, Plaintiff Daniel G. Mann filed his Petition in the Circuit Court of St. Louis County alleging common law negligence against Quiktrip related to a fall on February 17, 2021, on a Quiktrip property in Maryland Heights, Missouri.  ECF No. 6.  On October 4, 2022, Quiktrip timely removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1441.  ECF No. 1.  On December 14, 2022, Plaintiff filed a Consent Motion for Leave to File a First Amended Complaint, which the Court granted.  ECF Nos. 13 and 15.  Plaintiff's First Amended Complaint raises a single cause of action against Quiktrip for negligence based on a theory of premises liability related to Plaintiff's February 17, 2021, fall.  ECF No. 14.

Quiktrip now seeks to exclude the expert report, testimony, and opinions of Plaintiff's designated expert, Christopher E. Janson.  Mr. Janson is a Certified Safety Professional with over thirty years of experience in the field of safety.  ECF No. 33-4 at 1.  Mr. Janson claims in his report that he intends to provide "a safety analysis [to] determine if there were conditions that would be considered defective and/or unreasonably dangerous."  *Id.*  Mr. Janson's report lists the following general opinions he intends to offer:

1. QuikTrip employee Tommy Burrow attempted to clear the exterior steps and sidewalk of snow and ice, and put down ice melt, on the morning of February 17, 2021, sometime prior to 8:15am.

2. QuikTrip has policies and procedures in place for upkeep walks including inspecting outdoor areas for snow and ice conditions.

3. QuikTrip's policies and procedures appear to meet recognized standards for the identification and control of slip and fall hazards.

4. Surveillance video footage for the day in question does not show a QuikTrip employee inspecting the steps in question for at least one hour prior to the fall of Mr. Mann, despite documentation to the contrary.

5. QuikTrip failed to follow its policies and procedures by not ensuring the inspection of the steps and associated landings.

6. Had QuikTrip properly performed the upkeep walks, as required by their policies and procedures, Mr. Mann's fall could have been prevented.

7. The fall of Mr. Mann was caused by the unreasonably dangerous condition of the steps as maintained by QuikTrip.

*Id.* at 4.

Quiktrip makes two general arguments for why Mr. Janson's report, testimony, and opinions should be excluded.  First, Quiktrip argues that Mr. Janson's opinions are not the product of reliable principles and methods.  Quiktrip's position is that the first four of Mr. Janson's opinions are simply statements of fact and the remaining three opinions are not scientific or technical and will not provide the jury with insight that the jury itself could not

determine by reviewing the evidence.  Quiktrip supports its position by citing to *Hall v. Target Corp.* in which the United States District Court of the Middle District of Florida excluded the majority of Mr. Janson's opinions because they were not based on proper methodology, went beyond the standards of care in the industry, and were factual and legal conclusions that were speculative and ultimately would not help the jury.  8:22-CV-0914, 2023 WL 4686205, at *4 (M.D. Fla. July 21, 2023).  Second, Quiktrip argues that Mr. Janson's opinions should be excluded because they invade the province of the jury and are generally speculative.  Quiktrip reiterates its position that Mr. Janson's opinions are not admissible because the jury can weigh the evidence in this case without the help of an expert.

  Plaintiff argues that the admission of expert testimony under Federal Rule of Evidence 702 is permissive, and Quiktrip's Motion should be denied.  Plaintiff first argues that Mr. Janson's first four opinions "are drawn from his knowledge, information and experience as applied to the evidence adduced in this case."  ECF No. 37 at 6.  Plaintiff does not respond to Quiktrip's argument that Mr. Janson's opinions were not arrived at using reliable scientific principles and methods.  Second, Plaintiff argues that Mr. Janson's remaining opinions are proper because they will aid the jury "regarding the policies and procedures of Defendant and Defendant's violations of said policies."  *Id.* at 7.  Plaintiff supports this argument by pointing to the allegedly conflicting testimony of Quiktrip's employees that appear to indicate some confusion regarding the policies.  Plaintiff further argues that a corporate defendant's rules, standards, or training materials are always admissible, though this has little bearing on whether Mr. Janson's testimony regarding those procedures is admissible.  Plaintiff then points to some case law in the Eighth Circuit indicating that experts are permitted to testify regarding violations of policies, procedures, and industry standards.  Finally, Plaintiff argues that Mr. Janson's

3

testimony should be permitted even though it reaches the ultimate issue in the case because it aids the jury.

## Legal Standard

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The rule was amended in 2000 in response to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), which charged trial judges with a "gatekeeping" role to screen expert testimony for relevance and reliability. *Id.* at 590–93; *see also Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). "To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010). "To satisfy the reliability requirement, the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid." *Id.* (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006).

In the most recent amendment to Rule 702, made effective on December 1, 2023,[1] the Advisory Committee Notes clarify and emphasize that proponents of expert testimony must establish admissibility of the proffered evidence by a preponderance of the evidence.[2]  Fed. R. Evid. 702 advisory committee's note to 2023 amendment; *see also Word v. Mine Safety Appliances Co.*, No. 5:14-CV-00445-BRW, 2016 WL 3034045 at *2 (E.D. Ark. Mar. 25, 2016) (stating "when a party proffers an expert witness, deciding whether Rule 702 is satisfied is a preliminary issue governed by Federal Rule of Evidence 104(a)," "requir[ing] the proponent of evidence to establish its admissibility by a preponderance of the evidence.").  "Before admitting scientific expert testimony, the court must conclude, pursuant to Federal Rule of Evidence 104(a) that the proposed testimony constitutes (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."  *United States v. Martinez*, 3 F.3d 1191, 1196 (8th Cir. 1993) (citing *Daubert*, 509 U.S. at 592).  The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence.  *See Daubert*, 509 U.S. at 592 n.10.  "The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

---

[1]    The Advisory Committee Notes clarify that this amendment does not impose any new, specific procedures, but instead "is simply intended to clarify that Rule 104(a)'s requirement applies to expert opinions under Rule 702."  Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

[2]    The Advisory Committee states that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility.  These rulings are an incorrect application of Rules 702 and 104(a)."  Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

"The inquiry envisioned by Rule 702 is a flexible one," designed to exclude "vague theorizing based on general principles" or "unsupported speculation," but not requiring an opinion to be "a scientific absolute in order to be admissible." *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 914–16 (8th Cir. 2017) (cleaned up), *as corrected* (Aug. 14, 2017); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141–42 (1999) ("the test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case.  Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability opinion."); *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005) (stating that the "evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands.").

## Discussion

Plaintiff has not established by a preponderance of the evidence that Mr. Janson's expert opinions are admissible.  Mr. Janson's opinions are either simple statements of fact, speculative conclusions not supported by a proper methodology, or are otherwise not relevant and therefore not helpful to the jury.

Mr. Janson's opinions 1, 2, and 4 are simply statements of fact and are not permissible expert opinions.  Whether Mr. Burrow cleared the steps of ice and snow and applied snow melt is a fact that can be established by other admissible evidence.  Similarly, the facts regarding Quiktrip's policies and procedures for upkeep walks can be established by the policies and procedures themselves.  Finally, whether the surveillance video footage shows a Quiktrip employee inspecting the area before Plaintiff fell can be gleaned from the video footage and does not require expert testimony.

Just like in *Hall*, Mr. Janson's opinions regarding these facts should be excluded. Plaintiff's attempt to show how the opinions permitted in *Hall* are comparable misses the mark. The *Hall* court limited Mr. Janson testimony to the following: "wet floors can be a slip and fall hazard" and "while walking, pedestrians look towards their objective, not directly in front of their feet, unless something draws their attention to that area." *Hall*, 2023 WL 4686205 at *11. The *Hall* court found that these opinions "go to the standards of care in the industry" and therefore were acceptable testimony. *Id.* Mr. Janson's Report provides no similar opinion in this case, and Plaintiff has not established how the opinions permitted in *Hall* is comparable to any of the opinions at issue here. Because Plaintiff has not established by a preponderance of evidence that these opinions are scientific or technical ones that require Mr. Janson's expert testimony, Opinions 1, 2, and 4 will be excluded.

Opinion 3 may be an opinion, but Plaintiff has failed to establish its relevance to the issues in this case. While the recognized standards for identification and control of slip and fall hazards are a proper subject of testimony for a safety expert, whether Quiktrip's policies and procedures meet recognized standards has no bearing on Quiktrip's potential liability in this negligence action. As such, the Court finds that this opinion is not admissible at this stage, subject to reconsideration.

Opinion 5 is not the type of opinion that requires expert testimony. The jury can assess the evidence presented and determine whether Quiktrip failed to follow its own policies and procedures regarding the inspection of the steps. Plaintiff's attempt to show that Quiktrip's policies and procedures are confusing such that an expert is required to establish a potential violation is unconvincing. The apparently conflicting deposition testimony Plaintiff cites is the same evidence Plaintiff can present to the jury. An expert witness is not required to help the jury

weigh this evidence as it does not require scientific or technical knowledge.  And, similar to the Court's discussion of Opinion 3 above, the Court is not convinced that the issue of whether Quiktrip violated its own upkeep walk procedures is relevant to the ultimate issue in this case.  As such, Mr. Janson's Opinion 5 will also be excluded.

Opinions 6 and 7 are speculative, and Mr. Janson's Report provides no principle or methodology by which he arrived at these opinions.  Mr. Janson does not explain what scientific or technical basis he used to arrive at his opinion that a proper upkeep walk would have prevented Plaintiff's fall.  The same is true for his opinion that Plaintiff's fall was caused by the unreasonably dangerous condition of the steps.  Plaintiff has made no other attempt to establish that Mr. Janson used recognized principles or methodologies to arrive at these speculative conclusions.  Because Plaintiff has failed to show by a preponderance of evidence that Mr. Janson arrived at his opinions by using reliable principles and methods, these opinions will also be excluded.

## Conclusion

Based on the foregoing analysis, all of Mr. Janson's opinions, testimony, and report will be excluded.

Accordingly,

**IT IS HEREBY ORDERED** that Quiktrip Corporation's Motion to Exclude Expert Report, Testimony, and Opinions of Christopher E. Janson (ECF No. 32) is **GRANTED**.

Dated this 29th day of December, 2023.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**