# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIEL G. MANN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>QUIKTRIP CORPORATION d/b/a )<br>QUIKTRIP #644, )<br>)<br>Defendant. )<br>) | No. 4:22-cv-01060-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Quiktrip Corporation's Motion for Summary Judgment. ECF No. 34. The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will deny Quiktrip's Motion.

### Background

A.   Plaintiff's Complaint

On July 20, 2022, Plaintiff Daniel G. Mann filed his Petition in the Circuit Court of St. Louis County alleging common law negligence against Quiktrip related to a fall on February 17, 2021, on a Quiktrip property in Maryland Heights, Missouri. ECF No. 6. On October 4, 2022, Quiktrip timely removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1441. ECF No. 1. On December 14, 2022, Plaintiff filed a Consent Motion for Leave to File a First Amended Complaint, which the Court granted. ECF Nos. 13 and 15. Plaintiff's First Amended Complaint raises a single cause of action against Quiktrip for negligence based on a theory of premises liability related to Plaintiff's February 17, 2021, fall. ECF No. 14.

B.     Relevant Facts

The following facts are taken from Quiktrip's Statement of Uncontroverted Material Facts (ECF No. 36) and Plaintiff's Statement of Additional Uncontroverted Material Facts (ECF No. 38) and are undisputed unless otherwise noted.

Plaintiff seeks damages resulting from a fall on a step outside of Quiktrip store #644 located at 12200 Dorsett Road, Maryland Heights, Missouri 63043. At approximately 5:00 a.m. on February 17, 2021, Quiktrip's store manager, Thomas Burrow, cleared the ice and snow that had fallen the night before and applied ice melt to the stair leading to the Quiktrip's entrance. At approximately 9:49 a.m., Plaintiff existed the Quiktrip and fell on a step while walking to his car. Some snow was falling at the time Plaintiff fell.[1]

C.     The Motion for Summary Judgment

On November 1, 2023, Quiktrip filed its Motion for Summary Judgment and Memorandum of Law in Support. ECF Nos. 34 and 35. Quiktrip's primary argument is that it cannot be liable to Plaintiff under a theory of premises liability because of an exception known as the "Massachusetts Rule." As recognized by the State of Missouri, the Massachusetts Rule states that a property owner is under no duty to remove ice or snow from its property when the weather condition is general to the community. *Cleek v. Ameristar Casino K.C., LLC*, 47 F.4th 629, 636 (8th Cir. 2022) ("Under the Massachusetts Rule, an owner has no duty to remove snow or ice that accumulates naturally and is a condition general to the community.") (internal quotation marks and citation omitted). Plaintiff heavily relies on an expression of the Massachusetts Rule in *Milford v. May Dept. Stores*, 761 S.W.2d 231 (Mo. Ct. App. 2000), where

---

[1] Plaintiff disputes Quiktrip's assertion that it was "actively snowing" at the Quiktrip at the time of Plaintiff's fall and instead insists that there were "snow flurries" or "maybe some flurries." The Court finds this difference does not affect the Court's analysis.

2

the Missouri Court of Appeals found that a property owner has no duty to remove freezing rain, sleet, or snow from the property while it is actively falling. Quiktrip asserts that because there is no dispute that it was snowing at the time Plaintiff fell, the Massachusetts Rule applies and Quiktrip had no duty to Plaintiff to clear the ice and snow from the area where Plaintiff fell.

Plaintiff argues that the Massachusetts Rule is inapplicable because Plaintiff fell on "ice and slush," which Plaintiff contends was a specific condition of the step and not a condition general to the community. ECF No. 39 at 2. Plaintiff further argues that because Mr. Burrow had cleared the accumulated snow and ice on the step and applied ice melt on the morning of Plaintiff's fall, that Plaintiff slipped on a section of the step that Mr. Burrow had negligently cleared and/or treated. Plaintiff insists that the condition of the step on which Plaintiff fell was specific to the step and was not the natural accumulation of snow that was general to the community, negating the applicability of the Massachusetts Rule. On this basis, he urges the Court to deny Quiktrip's Motion.

**Legal Standard**

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davidson v. City of Minneapolis*, 490 F.3d 648, 654 (8th Cir. 2007); *see also* Fed. R. Civ. P. 56(a). The mere existence of an alleged factual dispute between the parties is not sufficient to defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Rather, the law requires that there be a genuine dispute of material fact. *Id.* at 248. "[T]he substantive law will identify which facts are material." *Id.* A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.*

The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted).  Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial."  *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also* Fed. R. Civ. P. 56(c).  "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position [is] insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 252.  The Court views the facts in the light most favorable to the non-moving party.  *See Cleek*, 47 F.4th at 635 (citation omitted).

## Discussion

To prevail on a negligence claim under Missouri law, Plaintiff must prove that (1) Quiktrip owed him a duty of care, (2) Quiktrip breached that duty, and (3) Plaintiff suffered an injury proximately caused by Quiktrip's breach.  *Id.* at 635–36.  "The existence of a duty is a question of law for the court based on the court's determination whether the facts pleaded or proven show the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of a duty of care."  *Id.* at 636 (quoting *O'Donnell v. PNK (River City), LLC*, 619 S.W.3d 163, 167 (Mo. Ct. App. 2021) (internal quotation marks omitted).  "A Missouri premises owner may be found liable to an invitee who is injured as a result of the owner's failure to use ordinary care in removing or warning of a dangerous condition, but Missouri recognizes an exception to that general rule known as the 'Massachusetts Rule.'"  *Id.* (citation omitted).

Under the Massachusetts Rule, a Missouri property owner has "no duty to remove snow or ice that accumulates naturally and is a condition general to the community."  *Id.* (citing

4

*O'Donnell*, 619 S.W.3d at 167). Missouri courts have specifically found that a property owner "does not have a duty to remove, from its open-air parking lot, freezing rain, sleet, or snow, as it is falling." *Milford v. May Dept. Stores Co.*, 761 S.W.2d 231, 231 (Mo. Ct. App. 1988). But Missouri courts also recognize exceptions to the Massachusetts Rule "where the property owner voluntarily assumed the duty to remove snow or ice either by agreement or through a course of conduct over a period of time." *Cleek*, 47 4th at 636 (citing *O'Donnell*, 619 S.W.3d at 167); *see also Alexander v. Am. Lodging, Inc.*, 786 S.W.2d 599, 601 (Mo. Ct. App. 1990) ("An exception to the Massachusetts rule arises where a landlord obligates himself either by agreement or a course of conduct over a period of time to remove snow and ice from common areas, thereby assuming a duty to exercise ordinary care to remove the snow and ice to make the common area reasonably safe.") (citation omitted). "Whether a weather condition of ice or snow was a general condition in the community or was an isolated condition in a particular area and whether a duty exists are questions of fact for a jury." *Cooper v. Cap. Inv., LLC*, 204 S.W.3d 331, 335 (Mo. Ct. App. 2006) (citing *Otterman v. Harold's Supermarkets, Inc.*, 65 S.W.3d 553, 555 (Mo. Ct. App. 2001); *Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo. Ct. App. 1991); *Turcol v. Shoney's Enter., Inc.*, 640 S.W.2d 503, 508 (Mo. Ct. App. 1982)).

Here, Quiktrip argues that it had no duty to Plaintiff to clear the ice and snow from the stair as it was actively snowing such that the Massachusetts Rule applies and no evidence supports finding an exception. Quiktrip primarily relies on Missouri case law indicating that a property owner has no duty to remove ice and snow while the precipitation is actively falling, as expressed in *Milford v. May Dept. Stores Co.*, 761 S.W.2d 231 (Mo. Ct. App. 1988). There is no dispute that Quiktrip did not have an agreement with Plaintiff regarding the removal of ice and snow from its parking lot and surrounding areas. And even if Quiktrip's policy required

5

Quiktrip to remove snow or ice from its premises, that policy along is insufficient to impose a legal duty on Quiktrip. *See O'Donnell*, 619 S.W.3d at 168 ("The existence of a snow removal policy alone does not create a duty to remove snow or ice.").

Plaintiff, however, argues that Quiktrip assumed the duty to remove the snow or ice through a course of conduct because one of Quiktrip's employees, Mr. Burrow, had cleared ice and snow that had previously accumulated from the stair on which Plaintiff fell before Plaintiff arrived on the premises. Plaintiff asserts that there is a genuine issue of material fact regarding whether the step's condition was altered by Mr. Burrow's earlier clearance of ice and snow and application of ice melt such that it was an isolated condition and not one general to the community. Plaintiff primarily relies on the outcome in *Cooper v. Cap. Inv., LLC*, 204 S.W.3d 331 (Mo. Ct. App. 2006) to support this argument.

In *Cooper*, the Missouri Court of Appeals found that a genuine dispute of material fact existed regarding whether the condition of the area in which plaintiff fell was a general condition of the community or was a specific condition attributable to defendant's alleged negligence. *Id.* at 335–36. Like Quiktrip here, the defendant in *Cooper* had moved for summary judgment arguing that it "had no duty to remove ice or snow from an outside area of the Property where the ice or snow had accumulated naturally as a result of the general weather conditions in the community." *Id.* at 332. The *Cooper* defendant relied on certified weather reports showing that the temperature in the area never rose above freezing on the day of plaintiff's fall and there was no evidence indicating that the defendant had negligently attempted to clear the area where the plaintiff fell. *Id.* at 333. Defendant did not dispute that there was ice on the area of the sidewalk where plaintiff fell. *Id.* Instead, plaintiff argued that a canopy above the portion of the sidewalk on which plaintiff fell "may have discharged water that refroze on the sidewalk below, thereby

6

altering the natural accumulation of ice." *Id.* (internal quotation marks and citation omitted). Plaintiff presented testimony indicating that it had warmed up on the day of his fall so the icy conditions in the general community had abated such that he did not recall "seeing ice in the immediate area or on the sidewalks abutting any of the neighboring businesses before falling in front of the Property." *Id.* The court of appeals reversed the trial court's grant of summary judgment because it found there was a genuine dispute of fact regarding whether the accumulated ice on which plaintiff fell was an isolated condition of defendant's property rather than a condition of the general community. *Id.* at 335–36. Plaintiff argues that the facts here are "nearly identical" to those in *Cooper* such that there exists a genuine dispute of fact regarding whether the condition of the step on which Plaintiff fell was a general condition of the community or an isolated condition created when Mr. Burrow attempted to clear and treat the stairs prior to Plaintiff's fall.

Plaintiff similarly relies on *Gorman v. Wal-Mart Stores, Inc.*, 19 S.W.3d 725 (Mo. Ct. App. 2000) to argue that Defendant assumed a duty to Plaintiff when Mr. Burrow cleared the ice and snow from the stair on the morning of Plaintiff's fall. In *Gorman*, the Missouri Court of Appeals upheld a trial court's denial of defendant's motion for a directed verdict. The defendant argued that plaintiff had failed to establish that it had a duty to remove ice and snow from its premises when those accumulations occurred naturally because of a general weather condition in the community. *Id.* at 731–32. The court of appeals found that defendant had assumed such a duty when it attempted to remove the ice and snow from its parking lot such that the natural condition of the parking lot had been altered before plaintiff fell. *Id.* at 732 (citing to *Alexander*, 786 S.W.3d at 600–01). The court of appeals noted that "[h]ad [defendant] established that, at the time [plaintiff] arrived at the store and entered on the sidewalk, sleet and freezing rain were

7

falling, causing a glaze of ice on everything, [defendant] might have been entitled to a directed verdict." *Id.* Plaintiff contends that Mr. Burrow's previous attempt to clear the stair of ice and snow altered the condition of the stair such that Quiktrip assumed a duty to Plaintiff to keep the step clear, and Plaintiff therefore urges the Court to follow the result from *Cooper* and *Gorman*.

In contrast, Quiktrip argues that it had no duty to remove ice and snow from its premises while it was actively snowing. Quiktrip heavily relies on the finding from *Milford*, 761 S.W.3d 231. There, the Missouri Court of Appeals found that the defendant was under no duty to remove ice and snow from its premises while the precipitation was actively falling. *Id.* at 231. The court of appeals reasoned that "[t]o hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform." *Id.* at 232. Based on this finding, Quiktrip asserts that it also had no duty to remove the snow or ice accumulating on the stair while it was actively snowing, as it was at the time of Plaintiff's fall. Quiktrip further argues that its employee's action of clearing the step of snow and ice earlier in the morning cannot impose on it a duty to keep the stair clear when snow began falling again after Mr. Burrow had cleared and salted the stairs, contrasting the conditions in *Gorman* with those presented here.

Having reviewed the evidence, arguments, and case law submitted by the Parties, the Court finds that Quiktrip is not entitled to summary judgment. There remains a genuine issue of material fact regarding whether the condition of the step on which plaintiff fell was a general condition of the community or a specific condition of the step created by Mr. Burrow's attempt to clear the ice and snow and treat the area with ice melt before Plaintiff's fall. The results in *Cooper* and *Gorman* indicate that summary judgment is not proper on the facts here. In both cases, the Missouri courts found that there remained a genuine dispute of material fact regarding

8

whether the condition of the area on which the plaintiff fell was a general condition of the community or a specific condition created by the negligence of the defendants. Here, there is no dispute that snow was falling at the time Plaintiff fell. But, viewing the evidence in the light most favorable to the Plaintiff, there remains a dispute over whether the condition of the step was altered when Mr. Burrow attempted to clear it of ice and snow such that it was not in the same condition as that of the general community. A genuine dispute of material fact also remains regarding whether Mr. Burrow's attempt to clear the step of ice and snow and apply ice melt was a course of conduct that created a duty to Plaintiff. A reasonably jury looking at the undisputed evidence could find that the condition of the step was an isolated condition created by Quiktrip and that Quiktrip assumed a duty to Plaintiff to keep the step clear of ice and snow through its course of conduct. These are questions of fact for a jury to decide. *See Cooper*, 204 S.W.3d at 335.

## Conclusion

Based on the foregoing analysis, Plaintiff has established that there remain genuine disputes of material fact that require this case to proceed to trial.

Accordingly,

**IT IS HEREBY ORDERED** that Quiktrip Corporation's Motion for Summary Judgment (ECF No. 34) is **DENIED**.

Dated this 29th day of December, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

9